## CURTIS *v.* EGAN.

The entry " neither party," made by agreement of counsel, is admissible evidence, under the general issue, on the question of settlement, in a subsequent suit for the same cause.

ASSUMPSIT, by James Curtis against John Egan, on account annexed. Plea, the general issue, and statute of limitations. Replication, a new promise. Verdict for the plaintiff; and motion of the defendant for a new trial.

The defendant offered to prove, as a bar to this suit, or as tending to show a settlement of the cause of action, that another suit for the same cause of action had been commenced by this plaintiff against this defendant, which, after being continued a few terms, was entered " neither party " by agreement of counsel, before the commencement of this suit. The court ruled, *pro forma*, that this evidence was not admissible under the general issue ; and the defendant excepted.

The plaintiff offered to prove, should it become material, that he never received anything in payment of the account in the former suit, that there was no accounting between the parties, but when the case was in order for trial the plaintiff could not be present, and, under these circumstances, his counsel consented to the entry " N. P."

Reserved.

*S. N. Bell*, for the defendant.

The evidence offered by the defendant, that a former suit had been brought for the identical account sued in this case, and nothing else, and the subsequent agreement as to the disposition of the suit, was competent to be considered by the jury. The attorney has authority to bind his client, and his agreement may be considered as part of

the minutes from which the record is made up, and may be enforced specifically by holding it conclusive evidence of the facts agreed to— *Alton* v. *Gilmanton*, 2 N. H. 520—or may be enforced by attachment, when it has been entered on the docket by the clerk. *Fernald* v. *Ladd*, 4 N. H. 370. The enforcing such agreement would prevent further proceedings in that suit, and would prevent the further prosecution of that or any other suit for the same cause of action, where the agreement in effect was not to prosecute the claim further. If the action was so entered by agreement of the parties, the court would not, in the absence of fraud or mistake, permit the action to be brought forward and considered, nor would they permit another action to be maintained, where it would be in effect a violation of the agreement under which the entry was made. Even if the entry had been nonsuit, if it had been made by agreement, it would have been competent to show that such entry and agreement were to be considered as satisfaction of the plaintiff's claim, or an abandonment of it. The agreement by the counsel was an agreement to no further prosecute the suit on the claim, and was a mutual agreement. The promise on one side was a good consideration for the promise on the other, and such agreement, like an agreement not to sue, if founded on a good consideration, amounts to a release. *Olcott* v. *Banfil*, 7 N. H. 469, and cases cited. This was not an entry of neither party, made by order of the court, for want of appearance by the parties, but an agreement entered into by counsel, that, if the defendant would abandon his claim for costs against the plaintiff, the plaintiff would no further prosecute his claim, and was so understood by counsel on both sides, and was so executed by the entry on the docket; that agreement was like payment or any other defence, showing that the plaintiff had no cause of action, admissible under the general issue. *Fuller* v. *Rounceville*, 29 N. H. 534, and cases cited. It was in fact equivalent to an accord and satisfaction, or a release, and as such might be shown under the general issue—1 Chitty Pl. 478, and notes; and it need not be pleaded in bar specially—*Olcott* v. *Banfil*, 7 N. H. 474—when the entry has been made by the clerk on record. It is like a former recovery, which may be pleaded in bar, in another suit between the parties for the same cause, and is then conclusive; but it may also be given in evidence under the general issue, and usually as such evidence may be conclusive. *King* v. *Chase*, 15 N. H. 9; *Dame* v. *Wingate*, 12 N. H. 291; *Chamberlin* v. *Carlisle*, 28 N. H. 540; *Gove* v. *Lyford*, 44 N. H. 525.

The case of *Marsh* v. *Hammond*, 11 Allen (Mass.) 483, was a decision on what was the legal effect of the entry of " N. P.," and not on the question whether an agreement made by the counsel in the suit was admissible, nor as to the effect of such agreement. The true question here is, What did the counsel understand and intend when they made the agreement to have such entry placed on the docket ? That understanding the court will enforce. It is not contended that the entry of neither party would in all cases of necessity be a bar to another suit, but that such entry, and the agreement under which the entry was

made on the docket, was admissible, and undisputed might be conclusive evidence of satisfaction, or of a release of the plaintiff's claim.

The evidence offered by the plaintiff was the matter of inducement that led to making the agreement, but no part of the agreement, and was not competent.

*Morrison, Stanley & Hiland*, for the plaintiff.

We submit that this case does not find that the defendant offered to prove that a former suit had been brought for the identical account sued in this case and nothing else, and also what that agreement was as to the disposition of that suit. What he did offer to prove was this : that a suit had been commenced, &c., which, after being continued in court a few terms, had been entered "neither party" by agreement of counsel, at the January term, 1872, and before the date of this writ. The defendant's whole brief is based upon the idea that the case finds that the defendant offered to prove what the agreement of counsel was ; for he says,—" The true question here is, What did the counsel understand and intend when they made the agreement to have such entry placed on the docket" (see defendant's brief) ; and we shall not try to refute or answer his brief, but turn our attention to the question in *this* case.

Was the existence of a previous suit for the same cause of action and an entry of "neither party" a bar to this suit, or did it tend to show a settlement of this cause of action ?

It is holden in many cases in our own court, and in those of Massachusetts, that a nonsuit is no bar to another action on the same case ; and we find this doctrine in *Pillow* v. *Elliott*, 25 Texas 322 ; *Harris* v. *Tiffany*, 8 B. Mon. 225 ; *Blaine* v. *McLean*, 25 Pa. St. 77. Now, all the difference between a "nonsuit" and "neither party" is, that a nonsuit gives the costs to the defendant ; and it is the general understanding and practice of the bar, when for any reason the plaintiff is not ready for trial and it is for the interest of the defendant to go out of court without costs, instead of obliging the plaintiff to come within the rule for a continuance or to go to trial, to mark the case "neither party," intending nothing else than that the parties go out of court without costs. It means simply a dismissal of the suit ; and a "dismissal of a suit is in effect a nonsuit, and does not bar any subsequent suit, for the same demand or for a different cause of action." *McKinney* v. *Finch*, 1 Scam. 152. "The effect of neither party," says SHAW, C. J., in *Coburn* v. *Whitley*, 8 Met. 274, "when extended, is an averment of the fact that, on being called, neither party appeared to answer ; or, in other words, that the plaintiff was nonsuited and the defendant defaulted, in which case neither party could have judgment for costs." "The entry of neither party in an action is not evidence of a settlement or adjudication of the matters involved therein, and is no bar to a future action between the same parties, and for the same cause." *Marsh* v. *Hammond*, 11 Allen 483.

This is the exact question raised in this case, and, as it has not been passed upon in this state, we shall rely upon this decision. If this is held to be law in this state, then that disposes of this case; but, if admissible, then it was not so under the general issue, but should have been pleaded. If the defendant relies on a former trial and judgment, he must plead it, or give notice at the time of joining issue. It is too late, after pleading the general issue, to set up that defence. *Dexter* v. *Hazen*, 10 Johns. 246.

It is too plain for argument, that, if the evidence offered by the defendant was admissible, that offered by the plaintiff was so also, to rebut the inference intended to be drawn from the evidence offered by the defendant.

Doe, J. If the entry " neither party" was a judgment or the foundation of a judgment that would bar this action, the defendant cannot avail himself of it as a bar under the general issue. Therefore it is not necessary to inquire whether that entry, and the judgment rendered thereon (in whatever form, judgment should be rendered), would be a bar if specially pleaded.

The defendant offered the evidence of the former suit and the proceedings therein, " as tending to show a settlement of the cause of action." By " settlement," we understand is meant payment, or accord and satisfaction (which may be set up under the general issue in assumpsit—2 Gr. Ev. sec. 29), or something equivalent to accord and satisfaction, admissible as a defence under the general issue. If " N. P.," considered as a judgment, were a bar, it would be so whether satisfied or not, and however the parties understood it. But the defendant claims that, although " N. P." would not, in all cases, necessarily be a bar to another suit for the same cause, the record " N. P.," and the agreement to have that record made, is evidence tending to show an executed agreement of the parties that, in consideration of the defendant abandoning his claim for costs, the plaintiff would prosecute his claim no further, and the same should be considered paid or discharged.

If, before suit, the parties had settled, without writing, each claiming to have a demand against the other, and agreeing to offset one against the other, and to consider both paid and discharged, that would be a good settlement, and binding, whether it came under the technical appellation of payment, accord and satisfaction, or release, or under no particular head usually found in the books. It would be a substantial discharge of mutual claims, or an application of each in payment of the other : the claims being mutual, there would be a consideration for the mutual discharge. And there seems to be no reason why such a discharge or application should not be shown under the general issue, as well as payment, or accord and satisfaction, if it would not come under either of those heads. On the same ground, we think, the abandonment and discharge of the defendant's claim for costs was a good consideration for the abandonment and discharge

of the plaintiff's claim for debt and costs; and both claims were discharged and cancelled, or paid by mutual application, if both parties so understood it.   The evidence offered by both parties was admissible.

*New trial granted.*